IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULO DE LA ROSA | § | |
|    TDCJ-CID #804662 | § | |
| | § | |
| VS. | § | C.A. NO. C-05-593 |
| | § | |
| C. MOORE, ET AL. | § | |

## OPINION AND ORDER OF DISMISSAL

For the reasons set forth herein, this action is dismissed for want of prosecution. Fed. R. Civ. P. 41(b).

## I. JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff consented to the jurisdiction of a magistrate judge, (D.E. 8), and on February 7, 2006, this action was re-assigned by Order of Re-Assignment. (D.E. 9). The action has not been served upon the defendants.

## II. BACKGROUND

Plaintiff is a Texas state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this civil rights complaint on December 27, 2005, alleging that defendants had interfered with his right of access to the courts. (D.E. 1). He sought leave of court to proceed *in forma pauperis* ("i.f.p."). (D.E. 2).

In his original complaint, in response to Question I.A. concerning previous lawsuits, plaintiff indicated that he had filed previously a lawsuit on March 27, 2001 in the United States District Court for the Southern District of Texas, San Antonio Division, and that the case was disposed of by the Fifth Circuit on September 18, 2002. He did not list any other actions. By Initial Partial Filing Fee

and Collection Order entered January 5, 2006 (D.E. 5), plaintiff was granted leave to proceed i.f.p., his complaint was filed without prepayment of the filing fee, and he was permitted to pay the $250.00 filing fee in installments.

Following entry of the collection order, it was learned that plaintiff is a three-strikes litigant who has lost the privilege to proceed i.f.p. See 28 U.S.C. § 1915(g). The collection order was vacated, and plaintiff was instructed to pay the full filing fee within thirty (30) days of the date of entry of the order. (D.E. 10). Curiously, plaintiff filed a second application to proceed i.f.p. (D.E. 11). That application was also denied, and plaintiff was specifically informed that he needed to pay the full filing fee on or before March 16, 2005, "or his complaint will be dismissed without prejudice for want of prosecution...". (D.E. 12).

On March 15, 2006, plaintiff filed objections to the order vacating the collection order. (D.E. 13). Plaintiff admits that two of his prior lawsuits were dismissed for failure to state a claim: De La Rosa v. Prasifka, et al., 2:02cv097 (S.D. Tex. 2002) and De La Rosa v. Dretke, et al., 3:03cv543 (N.D. Tex. 2003). However, he argues that the third case, (2) De La Rosa v. Cockrell, et al., 3:03cv565 (N.D. Tex. 2003), was dismissed on his own motion, and that there must be a "clerical mistake" causing this case to be listed as a strike. Plaintiff has not paid the $250.00 filing fee.

### III. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court. FED. R. CIV. P. 41(b). Here, plaintiff was instructed to pay the full filing fee on or before March 16, 2006 he if wanted to pursue this lawsuit, but he has not done so.

Plaintiff challenges the dismissal of the collection order allowing him to pay the filing fee in installments. He argues that he has had only two cases dismissed as frivolous, and that <u>De La Rosa v. Cockrell, et al.</u> was dismissed on his own motion, such that it should not count as a strike.

On April 8, 2003, Judge David C. Godbey, United States District Judge for the Northern District of Texas, Dallas Division, entered in civil action no. 3-03-CV-565-N, styled <u>De La Rosa v. Cockrell, et al.</u>, an order adopting the magistrate judge's recommendation and final judgment dismissing the complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). <u>See</u> attached orders. Despite plaintiff's allegations to the contrary, civil action no. 3-03-CV-565-N was dismissed as frivolous, and constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Plaintiff is an abusive litigant who has lost the privilege to proceed i.f.p. Moreover, in this case, plaintiff has failed to comply with court orders by repeatedly failing to pay the filing fee as ordered. Accordingly, plaintiff's complaint is dismissed without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

ORDERED this 22nd day of March, 2006.

_[signature]_
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE